UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPORT MOTORS II, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM B. COWEN, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-07284-RFL<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 5 |

　　　　After Import fired one of its employees in December 2023, the union representing him filed an unfair labor practice charge with the National Labor Relations Board (the "NLRB").  In January 2025, the NLRB issued an administrative complaint against Import and scheduled a hearing before an Administrative Law Judge ("ALJ") to occur on September 9, 2025 (which was recently rescheduled for September 10).  Import now moves for a temporary restraining order and preliminary injunction staying that long-scheduled hearing because the agency's proceedings allegedly violate the Constitution.  (*See* Dkt. No. 5 (the "Motion").)  It raises three claims: (1) that the two-layer for-cause removal scheme required by Congress improperly insulates NLRB ALJs and Board Members from the President's Article II authority; (2) that any tort-like damages awarded by the presiding ALJ would deprive Import of its Seventh Amendment right to a jury trial; and (3) that awarding tort-like damages through a quasi-judicial proceeding before an ALJ would transgress the Constitution's separation-of-powers regime.

　　　　To obtain a temporary restraining order or preliminary injunction, a movant must demonstrate, among other things, that it "is likely to suffer irreparable harm in the absence of preliminary relief."  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th

1

Cir. 2001) ("[O]ur analysis is substantially identical for the injunction and the TRO . . . ."). Having considered the briefs submitted by the parties and intervenor, as well as the argument at the hearing earlier this afternoon, the Court **DENIES** the Motion because Import fails to demonstrate that any of its enumerated, alleged violations of the Constitution would cause irreparable harm.

***Two-Layer Removal and Causation.*** Under binding Ninth Circuit authority, a party challenging agency action on the basis of allegedly unconstitutional removal provisions must show that those removal provisions caused actual harm by affecting the proceedings at issue. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 849 (9th Cir. 2022); *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137-38 (9th Cir. 2021). This requirement originates from the Supreme Court's decision in *Collins v. Yellen*, 594 U.S. 220 (2021). There, the Court held that an unlawful removal provision does not automatically "inflict compensable harm," and cannot be the basis to seek relief, unless there is an additional showing that the inability to remove the officer actually caused some harm to the proceedings. *See id.* at 259-60. Such harm could be shown, for example, if "the President had attempted to remove [the officer at issue] but was prevented from doing so" because the President "did not have 'cause' for removal." *See id.* at 259. In so holding, the Court reasoned that, unlike an unlawful appointment, an unlawful removal provision "does not strip" the officer of the "power to undertake" the responsibilities at issue and does not automatically render all of the officer's actions void *ab initio*. *See id.* at 257-58 & nn.23-24.

Although the Supreme Court did not discuss this causation requirement in the context of a request for prospective injunctive relief, courts have overwhelmingly held that the "reasoning in *Collins* applies with equal force regardless of the relief sought." *Cortes v. NLRB*, No. 23-cv-02954-JEB, 2024 WL 1555877, at *6 (D.D.C. Apr. 10, 2024) (quotation marks omitted) (collecting cases), *aff'd,* 145 F.4th 57 (D.C. Cir. 2025). This Court agrees. There is no principled basis for applying *Collins'* causation requirement only to requests for retrospective relief and not to requests for prospective relief. Accordingly, Import must demonstrate that the NLRB's removal provisions would cause harm. It has not done so. Indeed, it offers no

explanation whatsoever of how restrictions on the President's ability to remove NLRB ALJs or Board Members would affect the upcoming hearing, and it appeared to concede as much at oral argument on the Motion.  Nor is there any basis to conclude that the President has been thwarted in efforts to remove NLRB ALJs or Board Members.  Therefore, as dictated by binding precedents from the Supreme Court and Ninth Circuit, Import fails to satisfy the irreparable harm requirement with respect to its two-layer for-cause removal objection.

Import nonetheless suggests that the Supreme Court's decision in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), overruled *Collins'* causation requirement *sub silentio* and abrogated the Ninth Circuit's post-*Collins* decisions.  Specifically, it asserts that "being subjected to unconstitutional agency authority . . . is a here-and-now injury because it is a proceeding, led by an illegitimate decisionmaker," even if there is no proof that the purported constitutional infirmity would actually cause injury. (*See* Motion at ECF Page 21 (citing *Axon*, 598 U.S. at 191) (quotation marks omitted).)  In *Axon*, however, the Court did not address questions of injury, relief, or irreparable harm.  Instead, the question there was whether parties to agency proceedings could challenge statutory removal provisions for ALJs in federal district court, despite a statutory scheme allowing those proceedings to be reviewed only after their conclusion by the federal courts of appeals.  The Court applied the three-part *Thunder Basin* test to evaluate whether this statutory appellate-review scheme had stripped the district courts of jurisdiction. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994).  The first part of the test asks whether "precluding district court jurisdiction [could] foreclose all meaningful judicial review of the claim."  *See Axon*, 598 U.S. at 186 (citation and quotation marks omitted).  In answering that prong in the affirmative, the Court explained:

> The claim, again, is about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker.  And as to that grievance, the court of appeals can do nothing:  A proceeding that has already happened cannot be undone.  Judicial review of . . . structural constitutional claims would come too late to be meaningful.

*Id.* at 191; *see also id.* (attending unconstitutional proceedings constitutes "a here-and-now

3

injury"). The Court thus concluded (after also applying the second and third *Thunder Basin* prongs) that the "statutory review scheme does not preclude a district court from entertaining these [structural constitutional] claims." *See id.* at 180.

Although the Ninth Circuit has not expressly considered the argument that *Axon* overruled *Collins*, this Court is persuaded by the reasoning of the Sixth and Tenth Circuits, and other district courts both within and outside the Ninth Circuit, that have held that similar challenges to removal provisions do not present irreparable harm warranting the extraordinary remedy of preliminary injunctive relief, absent a causal showing.[1] As those courts reasoned, *Axon* did not address issues of relief or injury, and instead limited itself to the jurisdictional question of "where" challenges could be brought. *See also Axon*, 598 U.S. at 180 ("The question presented is whether the district courts have jurisdiction . . . ."). *Axon* also did not discuss *Collins* or otherwise indicate that it was overruling *Collins'* causation requirement.

Import relies on a recent decision from a split panel of the Fifth Circuit reaching the opposite conclusion. *See Space Expl. Techs. Corp. v. NLRB*, No. 24-50627, 2025 WL 2396748 (5th Cir. Aug. 19, 2025). The lynchpin of that decision is an assumption that *Axon* "cannot be squared" with a requirement of causal harm, because *Axon* describes "being hauled before an unlawful tribunal" as a "here-and-now injury" that is "inflicted the instant the proceeding begins." *See id.* at *13 n.114. But there is nothing irreconcilable about this passage in *Axon* and the causal harm requirement. A properly appointed ALJ is not illegitimate, and the hearing conducted is not unlawful, unless there is some reason to believe that the removal restrictions have tainted the ALJ's ability to serve in that role. "The mere existence of an unconstitutional

---

[1] *See Leacho, Inc. v. CPSC*, 103 F.4th 748 (10th Cir. 2024); *Yapp USA Auto. Sys., Inc. v. NLRB*, No. 24-1754, 2024 WL 4489598 (6th Cir. Oct. 13, 2024); *Amazon.com Servs. LLC v. NLRB*, No. 24-cv-09564-SPG, 2025 WL 466262 (C.D. Cal. Feb. 5, 2025); *HonorHealth v. NLRB*, No. 24-cv-03009-PHX, 2024 WL 4769772 (D. Ariz. Nov. 13, 2024); *Spring Creek Rehab. & Nursing Ctr. LLC v. NLRB*, No. 24-cv-09016-JKS, 2024 WL 4690938 (D.N.J. Nov. 6, 2024); *Ares Collective Grp. LLC v. NLRB*, No. 24-cv-00517-TUC, 2024 WL 4581436 (D. Ariz. Oct. 25, 2024); *Kerwin v. Trinity Health Grand Haven Hosp.*, No. 24-cv-00445-RJJ, 2024 WL 4594709 (W.D. Mich. Oct. 25, 2024).

removal provision . . . generally does not automatically taint Government action by an official unlawfully insulated." *Collins*, 594 U.S. at 267 (Thomas, J., concurring). Thus, there is no here-and-now injury from moving forward with a hearing that has not been shown to be tainted in any way by the challenged removal provisions. *See id.* at 270-71 (Thomas, J., concurring) ("I seriously doubt that the shareholders can demonstrate that any relevant action by [the challenged official] violated the Constitution. And, absent such an unlawful act, the shareholders are not entitled to a remedy."). By contrast, if Import had shown that the President tried to remove the ALJ but was stymied by unconstitutional removal provisions, a proceeding before that ALJ would be illegitimate, and Import would thus have shown a here-and-now injury caused by those removal provisions if required to submit to such a hearing.

This Court declines to extend *Axon* to conclude that it overruled *Collins* and created a sweeping new "entitlement on the merits to a preliminary injunction in every case where [collateral] constitutional challenges [to administrative proceedings] are raised." *Leacho*, 103 F.4th at 759. Nothing in *Axon* indicates the Supreme Court's intention to adopt such a major shift, in which litigants are entitled to a *per se* finding of irreparable harm whenever they challenge an agency's adjudicative processes. *Axon* simply holds that parties may have an opportunity to bring those challenges, and make the required causal showing, in district court before the administrative proceedings begin. *See Alpine Sec. Corp. v. FINRA*, 121 F.4th 1314, 1336 (D.C. Cir. 2024) ("*Axon* at most says that, as a matter of statutory jurisdiction, a federal-court challenge to an unconstitutional appointment can begin before the agency acts. It does not say that every agency proceeding already underway must immediately be halted because of an asserted constitutional flaw."), *cert. denied*, No. 24-904, 2025 WL 1549780 (U.S. June 2, 2025).

Indeed, the Supreme Court implicitly rejected this extension of *Axon* when it recently denied an emergency application in *Yapp USA Automotive Systems, Inc. v. NLRB*, No. 24A348, 2024 WL 4508993 (U.S. Oct. 15, 2024). There, the Court declined to enjoin NLRB proceedings following the Sixth Circuit's refusal to enjoin those proceedings in a materially identical case concerning the same removal provisions challenged by Import here. The Ninth Circuit has done

5

the same. *See Amazon.com Servs., LLC v. NLRB*, No. 25-886 (9th Cir. June 30, 2025) (Dkt. No. 40.1) (denying motion to stay NLRB proceedings pending appeal). "Although [a higher court's] interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025).

In sum, binding authority requires Import to demonstrate how the allegedly unconstitutional two-layer for-cause removal provisions would cause the complained-of harm. It has not done so, and it therefore fails to show the irreparable harm necessary to obtain the extraordinary relief of a preliminary injunction halting its long-scheduled NLRB hearing.

***The Seventh Amendment and Separation of Powers.*** The same reasoning applies to Import's claims alleging violations of the Seventh Amendment and separation of powers. Both claims assert, in essence, that the ALJ would be acting beyond their constitutional authority if they issued a tort-like damages award against Import. The Seventh Amendment claim alleges that only juries could award such damages, and the separation-of-powers claim asserts that the NLRB's interpretation of its own authority to allow its ALJs to award such damages invades the province of the judiciary and exceeds the bounds set by Congress. Even assuming those claims could be heard in district court now rather than in an appeal of the agency proceedings, and even assuming the validity of the claims, Import has not shown an immediate threatened injury constituting irreparable harm. Neither of those claims would render NLRB proceedings void *ab initio*, as in the case of an unlawful appointment. *See Collins*, 594 U.S. at 257-58. Rather, just as an unlawful removal provision would inflict harm only if it thwarts removal of the adjudicator, an unlawful authorization of the ALJ to award tort-like damages would inflict harm only if it thwarts attempts to exclude a claim for such relief from the hearing. In other words, as with its removal provisions challenge, Import must demonstrate causation.

Import has made no such causal showing here. In its administrative complaint, the NLRB does not purport to pursue damages. (*See* Dkt. No. 5-1, Ex. A ¶ 11 (enumerating relief sought).) Nor does Import provide evidence indicating that the NLRB intends to pursue damages in its proceedings against Import. Instead, Import points solely to an administrative

6

decision where the NLRB "clarif[ied] that [its] traditional make-whole remedy should also include compensation for direct or foreseeable pecuniary harms." *See Thryv, Inc.*, 372 NLRB No. 22, at *14 (Dec. 13, 2022). But nothing indicates that the NLRB seeks such remedies against Import in its current proceedings, let alone that Import has been thwarted in an attempt to exclude such remedies from being sought. Indeed, it is not clear how tort-like damages might apply to an administrative proceeding, like this one, about an employee allegedly terminated in retaliation for union activity. In the end, Import's assertion that such damages might be sought and that Import might be thwarted in precluding their pursuit is wholly speculative. Import thus falls far short of showing the "immediate threatened injury" required for preliminary injunctive relief. *See Caribbean Marine Servs. Co. v. Baldrige,* 844 F.2d 668, 674 (9th Cir.1988); *see also id.* ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citation omitted)).

Moreover, even upon issuance of an award for such damages, it is difficult to see how the harm would be irreparable. A requirement to pay money is quintessentially non-irreparable; cancellation of the award in an appeal, as permitted by the applicable statutory scheme, would afford complete relief. *See* 29 U.S.C. § 160(f); *see also HonorHealth*, 2024 WL 4769772, at *4 (appellate review guards against irreparable harm stemming from alleged violation of Seventh Amendment); *Ares*, 2024 WL 4581436, at *2 (same). And, to the extent that Import would lose time and money by preparing for and attending administrative proceedings concerning tort-like damages, that kind of harm is not irreparable either. *See Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 735 n.20 (9th Cir. 2017) ("[M]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." (citation omitted)). Indeed, courts routinely treat damage awards erroneously issued in violation of constitutional requirements as being fully redressable on appeal, and they therefore decline to find irreparable harm based on the threat of such an award. *See Ponte v. FDIC*, No. 24-cv-02379-APM, 2024 WL 4730602, at *8 (D.D.C. Oct. 11, 2024) (observing that it is "well-established" that such a harm "can be remedied on appeal"). The same reasoning applies here.

7

Furthermore, as to each claimed constitutional violation, "the timing of [Import's] TRO request undermines the irreparability and imminency of its alleged harms." *HonorHealth*, 2024 WL 4769772, at *4 (citation omitted).  The NLRB gave notice to Import of the September hearing more than seven months before Import commenced this action.  Import also waited another six days after it filed the lawsuit to seek emergency relief.  Despite multiple opportunities to do so, including direct questioning at oral argument, Import has cited no reason for its delay, beyond its desire to wait for more favorable case law.  That, of course, is not a basis for a failure to assert legal rights.  To be sure, "[d]elay by itself is not a determinative factor," but it nevertheless "implies a lack of urgency and irreparable harm."  *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019) (citations omitted).

In sum, Import does not demonstrate that any alleged constitutional violations would cause irreparable harm.  Accordingly, the Court **DENIES** the Motion.[2]

**IT IS SO ORDERED.**

Dated: September 8, 2025

_____
RITA F. LIN
United States District Judge

---

[2] Because failure to satisfy the irreparable harm requirement mandates denial of the Motion, this Order does not reach any other issue presented in the Motion or the Parties' briefing.